Argued and submitted July 3, affirmed in part, reversed
in part and remanded September 11, 1979

STATE OF OREGON, *Respondent,*

*v.*

WILLIE BYRD HARRIS, *Petitioner.*

(TC C 77-11-16147, CA 10825, SC 26048)

599 P2d 456

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for petitioner. On the brief were Gary D. Babcock, Public Defender, Stephanie A. Smythe, Deputy Public Defender, and B. David Thomas, Law Clerk.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter A. Barrie, Solicitor General.

LINDE, J.

Tongue, J., specially concurring opinion.

**LINDE, J.**

Defendant was indicted on separate counts of kidnapping, ORS 163.225, coercion, ORS 163.275, menacing, ORS 163.190, sexual abuse, ORS 163.425, five counts of sodomy, ORS 163.405, and illegal possession of a firearm, ORS 166.270, all arising "[a]s part of the same act and transaction" involving one victim during a period of about three hours. Upon his conviction of nine of these counts (one charge of sodomy having been withdrawn), the circuit court sentenced defendant to 20 years' imprisonment on each count of sodomy and five years on the sexual abuse charge, these sentences to run concurrently, and in addition to consecutive terms of five years on the weapons charge, five years on coercion, 10 years on kidnapping, and on the menacing charge to 127 days in the county jail, the time defendant had already been jailed. Of the resulting total of 40 years, the judge also imposed one half as a minimum sentence. On appeal, defendant contended that certain of these counts should have been "merged" in the judgments of conviction and sentence.[1] The Court of Appeals declined to consider this contention on the ground that it had not been adequately raised in the circuit court. 37 Or App 715, 588 P2d 100 (1978). We allowed review of this ruling.

■ Our precedents show that a defendant is not entitled as of right to a reversal on appeal of trial court errors that were not brought to the attention of the trial court, including a failure to "merge" offenses in entering a judgment of conviction and sentence. *State v. Ragghianti,* 260 Or 347, 490 P2d 490 (1971); *State v. Kennedy,* 250 Or 422, 443 P2d 226 (1968). Defendant argues that the Court of Appeals and this court may consider "egregious" error apparent on the face of the record even if not raised below, and that the imposition of an illegal sentence is such an "egregious" and evident error. We agree that lack of prior objection in

_____
[1] Defendant also assigned as error the denial of a mistrial after the admission of certain testimony. This contention was rejected by the Court of Appeals and was not renewed in this court.

the trial court does not place such claimed errors beyond appellate jurisdiction. The Court of Appeals has, in fact, often considered claims like the present that had not been argued to the trial court, as pointed out in Judge Buttler's concurring opinion, 37 Or App at 720-721. But it does not follow that the Court of Appeals is obliged to decide every such claim.[2] The question is not one of statutory authority but of judicial administration.

There is a practical as well as a legal difference between appellate review of a sentence challenged as "excessive" pursuant to the legislative command of ORS 138.040 and 138.050 and one challenged for lack of legal authority or procedural error. A trial court may well be more receptive to reconsideration of a sentence attacked on these legal grounds if they are brought to its attention than to an argument that the sentence is excessive. While postconviction relief in circuit court under ORS 138.530 is available for unauthorized or unconstitutional sentences even when raised there for the first time,[3] the legislature has expressly assigned review for excessiveness to the Court of Appeals.

---

[2] Rule 7.19 of the Rules of Appellate Procedure, cited by defendant, only states that "the appellate court may take notice of errors of law apparent on the face of the record" even when not properly assigned as error *on appeal.* The rule does not refer to consideration of claimed errors that were not raised in the trial court.

[3] ORS 138.530 provides:

"(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

". . . .

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence."

ORS 138.550 provides:

"The effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in his petition shall be as specified in this section and not otherwise:

■ Accordingly, the Court of Appeals acted within a judicial discretion supported by our precedents when it held in this case and later in *State v. Applegate,* 39 Or App 17, 591 P2d 371, *rev den,* 287 Or 301 (1979), that henceforth it would review a challenge to multiple sentences arising from a single criminal episode for legality (as distinguished from excessiveness) only if the issue was first raised in the trial court, except in "exceptional circumstances . . ., especially when it presents a novel problem." 39 Or App at 20. This court, of course, retains the power to review in any case. But although we hold that the Court of Appeals adopted a permissible policy in requiring that legal challenges to multiple sentences ordinarily must first be raised in trial courts, the question remains whether the issue in fact was adequately raised in this case.

■ We find that the issue was brought to the trial court's attention. It was not a new issue discovered for the first time in preparing the appeal. At the sentencing hearing, court and counsel discussed the significance for the "merger" issue of the then recent decision of the Court of Appeals in *State v. Cloutier,* 33 Or App 121, 575 P2d 996 (1978), since reversed, 286 Or 579, 596 P2d 1278 (1979). Defense counsel characterized the course of defendant's conduct as a continuous act rather than a series of independent acts punishable as separate offenses. The record indicates that the prosecutor had previously submitted a legal memorandum on the issue. Although the precise legal relationships among the several crimes charged were not spelled out at the sentencing hearing, there is no reason to believe

"(1) The failure of petitioner to have sought appellate review of his conviction, or to have raised matters alleged in his petition at his trial, shall not affect the availability of relief under ORS 138.510 to 138.680. But no proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of his conviction, a motion for new trial, or a motion in arrest of judgment remains available."

If postconviction relief against an illegal sentence did not exist, the Court of Appeals and this court might well hold a different view of the necessity to have raised the issue at the time of sentencing.

[339]

that the court did not decide defendant's claim adversely on the merits. We therefore reach the substance of his claim.

■ Defendant's first contention on appeal was that the charge of sexual abuse should have been "merged" in the conviction for sodomy. We agree. In *State v. Cloutier, supra,* we stated that the term " 'merger' . . . , which can easily become a name for a conclusion rather than a reason, is best reserved for the narrow situation when the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute." 286 Or at 586. In the factual setting of this case, commission of sodomy in the first degree necessarily included commission of the offense of sexual abuse.[4] It is, of course, possible to commit one of these offenses on one occasion and the other offense against the same victim on another occasion; but in this case the first sexual contact and at least one act of sodomy were not so separated in time, intervening events, or other circumstances as not to be consecutive steps in the sodomy.

■ Defendant's second contention concerns the claimed "merger" of the kidnapping, menacing, and weapons

[4] ORS 163.405:

"(1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor; or

"(b) The victim is under 12 years of age; or

"(c) The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, his son or daughter or his spouse's son or daughter.

"(2) Sodomy in the first degree is a Class A felony."

ORS 163.425:

"(1) A person commits the crime of sexual abuse in the first degree when he subjects another person to sexual contact; and

"(a) The victim is less than 12 years of age; or

"(b) The victim is subjected to forcible compulsion by the actor.

"(2) Sexual abuse in the first degree is a Class C felony."

The victim in this case was under 12 years of age.

charges. These do not present a true issue of merger. As far as the statutory definitions go, it is quite possible to commit each of these offenses without committing one of the other two.[5] Apart from "merger," however, the statutes do not necessarily authorize multiple sentences for the violation of one of these prohibitions in the act of violating another. As stated in *State v. Cloutier, supra,* multiple sentences often do not represent the contemplated result of the criminal code when one offense occurs as a step in the commission of another offense in the course of a single episode with a single criminal objective, as defined in ORS 131.505(4). 286 Or at 597. However, since the menacing charged against this defendant was not a step in kidnapping the victim, defendant's objection on this score is not well taken.[6] The same is true of the relation of these charges to the charge under ORS 166.270, illegal possession of a concealable weapon by

[5] ORS 163.190(1):

"A person commits the crime of menacing if by word or conduct he intentionally attempts to place another person in fear of imminent serious physical injury."

ORS 163.225(1):

"A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, he:

"(a)  Takes the person from one place to another; or

"(b)  Secretly confines the person in a place where he is not likely to be found."

ORS 166.270(1):

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearms capable of being concealed upon the person, or machine gun, commits the crime of exconvict in possession of a firearm."

A kidnapping charge might include an accompanying charge of menacing if the kidnapping is alleged to have been accomplished by threat of physical injury.

[6] Defendant made no claim that the menacing charge was covered by the convictions and sentences on the sodomy charges as arising in a single

one previously convicted of a felony. The evident legislative objective of that statute is to serve a preventive function, in advance of the actual use of the weapon to injure or threaten any victim, and it would contradict that function to "merge" this offense into such a subsequent crime. *Cf. State v. Cloutier, supra,* 286 Or at 597, n. 17. As stated in *Cloutier,* separate sentences that are not improper under the analysis of decisions such as *State v. Fish,* 282 Or 53, 577 P2d 500 (1978), *State v. Roach,* 271 Or 764, 534 P2d 508 (1975), *Doran v. State,* 270 Or 758, 529 P2d 928 (1974); *State v. Welch,* 264 Or 388, 505 P2d 910 (1973); and *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), are nonetheless subject to the strictures against excessive sentences in ORS 138.040 and ORS 138.050, particularly if made consecutive, *see* 286 Or at 592-594, but since no such contention was presented to the trial court or the Court of Appeals in this case, we do not pursue the question here. Except for the separate sentence under ORS 163.425, we find no error below. The case is remanded to the circuit court for entry of a corrected judgment on that issue; in all other respects, the judgment is affirmed.

Affirmed in part, reversed in part and remanded.

---

criminal episode marked by unity of time, location, act and intent as described in *State v. Cloutier, supra,* 286 Or at 597-598, nor did he claim the kidnapping and sodomy charges should be so regarded. *Cf. State v. Garcia,* 37 Or App 675, 588 P2d 687 (1979), *rev. allowed* 287 Or 129 (1979).

Defendant states that he did not raise certain arguments below because of prior decisions of the Court of Appeals. But as we stated in *1000 Friends of Oregon v. Bd. of Co. Comm.,* 284 Or 41, 46-47, 584 P2d 1371 (1978):

"One necessary consequence of this [court's discretionary review of Court of Appeals' decisions] is that counsel will sometimes have to impose on the patience of trial courts to renew a contention that has previously been rejected by the Court of Appeals, even though this court denied review in the earlier case or cases, so that the contention is not waived and the issue foreclosed from review. An issue that may appear to be settled by one or more opinions of the Court of Appeals may in fact not be settled when a later petition presenting the issue demonstrates that it deserves review in this court. . . ."

**TONGUE, J.,** specially concurring.

I concur in the result reached by the majority in this case except for the reservations expressed in my dissenting opinion in *State v. Cloutier,* 286 Or 579, 604, 596 P2d 1278, 1291 (1979).