Argued and submitted July 30, affirmed September 22, 1980

## STATE OF OREGON,
*Respondent,*
*v.*
## RICHARD JAMES BATEMAN,
*Appellant.*

(No. C 79-04-31161, CA 16589)

616 P2d 1206

Daniel C. Lorenz, Portland, argued the cause and filed the brief for appellant. With him on the brief was Des Connall, P.C., Portland.

William F. Gary, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Christian C. Van Dyke, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Defendant was convicted, after jury trial, of kidnapping in the second degree, ORS 163.225, sodomy in the first degree, ORS 163.405, and sexual abuse in the first degree, ORS 163.425. On appeal, he assigns as error (1) the trial court's failure to "merge" the kidnapping conviction and sentence with the conviction and sentence for either sodomy or sexual abuse; (2) the trial court's failure to "merge" the sexual abuse and sodomy convictions; and (3) the trial court's denial of his motion for acquittal on the kidnapping charge. He also argues that he was denied the effective assistance of counsel guaranteed under Article I, Section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. We affirm.

On appeal after conviction, we resolve conflicts in the evidence in the state's favor. The victim, a nine-year-old girl, is the daughter of a woman with whom defendant was casually acquainted. On the night on which the events from which the convictions arose occurred, defendant had agreed to tow the mother's automobile from her place of employment, a Plaid Pantry, to her apartment. Defendant hitched a towbar to the car and then to his pickup truck with the aid of Raymond Carroll, a sixteen-year-old boy who lived with the victim's family. The victim's mother asked defendant to take the victim home. Defendant instructed the girl to ride with him in the pickup, while Raymond rode in the car being towed. During the trip to the apartment, which lasted 25-30 minutes, defendant reached down the front of the victim's pants and touched her vaginal area, and continued to do so despite her requests for him to stop. Upon arriving at the apartment, defendant told the girl not to tell her mother about what happened.

Defendant and Raymond unhooked the car from the pickup truck, and went inside the apartment for approximately fifteen minutes. Defendant then told Raymond that the girl would stay with the defendant that night. Raymond told defendant first to stop at

the Plaid Pantry to obtain the mother's permission. Defendant agreed. He then told the girl to get a blanket and pajamas, which she packed in a suitcase. Defendant and the girl left the apartment at approximately 11:30 p.m. It takes 10-13 minutes to drive from the apartment to the store. Rather than stopping at the store, which was still open, defendant drove past the store and went directly to his house, which was nearby. It was at the house where defendant committed an act of oral sodomy on the girl. At approximately 8:00 a.m., defendant returned the girl to her mother at the apartment.

■       Defendant first argues that the trial court should have "merged" the conviction and sentence for kidnapping and those for either sodomy or sexual abuse. This is not a true merger situation; that term "is best reserved for the narrow situation when the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute. *See State v. Roach,* 271 Or 764, n. 1, 534 P2d 508 (1975)." *State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979). The thrust of defendant's argument is that a separate conviction and sentence for kidnapping is improper here.

ORS 163.225(1)(a), the provision under which defendant was convicted, provides:

"(1)   A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, he:

"(a)   Takes the person from one place to another;
* * * "

In *State v. Garcia,* 288 Or 413, 605 P2d 671 (1980), the court examined the legislative history of the kidnapping statute, stating:

"From this history we draw the inference that the Commission, and subsequently the legislature, intended that there be no conviction of the defendant for the separate crime of kidnapping where the detention or asportation of the victim is merely incidental to the accomplishment of another crime, particularly that of robbery or rape. On the other hand, we infer

that the Commission and legislature perceived no reason not to prosecute and punish a malefactor for the separate crime of kidnapping where the detention *or* asportation is *not merely incidental* to the commission of the underlying crime.

   "The drafting technique utilized to accomplish the legislative purpose is manifested in the definition of the crime of kidnapping. The Commission reasoned that even though the malefactor's conduct offended the statutory injunctions against rape or robbery, he would be guilty of kidnapping also if in committing rape or robbery he took the victim a 'substantial distance' or held the victim 'a substantial period of time.' [reference and footnote omitted] As finally enacted the law does not even require that there actually be a substantial interference with the victim's personal liberty; it is only necessary that the perpetrator have the '*intent* to to interfere substantially' with the victim's personal liberty to make the malefactor guilty of kidnapping if he commits an act proscribed by ORS 163.225. We find nothing in legislative history to indicate the legislature intended by its adverb 'substantially' anything other than was intended by the Commission in its use of the adjective 'substantial.' " 288 Or at 420-21. (Emphasis in original)

The court added, "In summary, the legislature said there may be a separate conviction and sentence for kidnapping only when it is not incidental to another crime, and it may be found not to be incidental if the defendant had the intent to interfere substantially with the victim's personal liberty." 288 Or at 423. In a footnote, the court observed:

   "In the abstract we find it somewhat difficult to envision forcible rape or sodomy which does not entail 'substantial' interference with the personal liberty of the victim; however, it is readily apparent that the drafters of this legislation were attempting to describe conduct of the malefactor *not ordinarily inherent* in the sexual misconduct itself." 288 Or at 421 n. 8. (Emphasis in original)

   The conduct on which the state based the kidnapping charge was defendant's taking the victim

from her apartment to his own house, where the subsequent act of sodomy took place. The issue is thus whether the kidnapping was merely incidental to the commission of the sodomy. *State v. Garcia, supra,* involved the question whether a separate conviction and sentence for kidnapping was proper, where defendant was also convicted of rape and three counts of sodomy in the first degree. There, the defendant grabbed the victim, a woman who was walking alone. With a knife at the victim's throat, defendant forced her to cross a street, walk two blocks and across another street. He then took her behind a house, forcibly raping and sodomizing the victim in an episode lasting approximately forty minutes. The court rejected defendant's contention that the kidnapping was merely incidental to the rape. *See also State v. Strickland,* 36 Or App 119, 584 P2d 310 (1978).

Here, defendant drove the young victim a substantial distance, and detained her for over eight hours. We find that this conduct is not the type of minimal displacement of a victim incidental to the commission of sodomy. The trial court did not err in entering a separate conviction and sentence for kidnapping in the second degree.

■ Next, defendant argues that the trial court erred in failing to "merge" the convictions and sentences for sodomy and sexual abuse. The assignment is based on defendant's contention that the indictment, in charging that the sodomy and sexual abuse were part of "the same act and transaction" as the kidnapping, did not cover the incident of sexual abuse in defendant's pickup while defendant was towing the car to the apartment. Since, defendant argues, the earliest possible time th criminal act or transaction referred to in the kidnapping count could have begun was when defendant left the apartment with the girl, any conduct prior to that time is not covered by the indictment. The only other evidence of sexual abuse that could have supported a conviction was that concerning events in defendant's home. As a result, defendant concludes, the sexual abuse was but a step

in the commission of the sodomy, and under *State v. Harris,* 287 Or 335, 599 P2d 456 (1979), cannot be the subject of a separate conviction and sentence.

Defendant cites no authority in support of such a narrow reading of the term "act and transaction" in the indictment. This language was used for purposes of joinder of the charges under ORS 132.560(2).[1] Defendant at no time argued, through a motion to sever the charges for separate trials, that the charges were improperly joined. *See State v. Sanchez,* 14 Or App 234, 511 P2d 1231, *rev den* (1973).

■        Nor is defendant's constitutional claim of lack of notice of the charges against him of merit. Defendant did not challenge the indictment. He did not claim discovery violations by the state, or assert any surprise or prejudice. It was abundantly clear throughout the proceedings that the state was relying on the events in the pickup truck as a basis for the sexual abuse charge, and at no time did either party suggest otherwise.

■        Alternatively, defendant contends that even if the sexual abuse charge may properly be based on the events in the pickup, a separate conviction and sentence for sexual abuse is inappropriate. In *State v. Harris, supra,* the court stated that in the circumstances of that case, the commission of sodomy in the first degree necessarily included commission of the offense of sexual abuse. The court further observed:

" * * * It is, of course, possible to commit one of these offenses on one occasion and the other offense against the same victim on another occasion; but in this case the first sexual contact and at least one act

---

[1] ORS 132.560(2) provides:

"The indictment must charge but one crime, and in one form only, except that

\* \* \* \* \*

"(2)When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

of sodomy were not so separated in time, intervening events, or other circumstances as not to be consecutive steps in the sodomy." 287 Or at 340.

Under no reasonable interpretation of th facts here can it be said that the sexual abuse in the pickup and the act of sodomy were but consecutive steps in the sodomy. The sexual abuse and sodomy were separated by approximately two to three hours. They occurred in different locations and vastly different settings, the sexual abuse in a pickup truck, the sodomy in defendant's bed in his apartment. The conduct was also separated by a number of intervening events, giving defendant the opportunity to reflect upon his actions. The trial court did not err in imposing separate convictions and sentences for sexual abuse and sodomy.

■ For his third assignment, defendant contends that the trial court erred in denying his motion for acquittal of kidnapping, arguing that there was insufficient evidence from which a jury could find defendant guilty of kidnapping beyond a reasonable doubt. The standard of review on this issue was set out in *State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974):

"* * * * In deciding whether the circumstances are sufficient to entitle the jury to find beyond a reasonable doubt that defendant was guilty, we must remember that it is not proper for us to hold that there is a reasonable doubt because of conflicts in the evidence. After a verdict of guilt, or in deciding whether the case should be submitted to the jury, such conflicts must be treated as if they had been decided in the State's favor. After the conflicts have been so decided, we take such decided facts together with those facts about which there is no conflict and determine whether the inferences that may be drawn from them are sufficient to allow the jury to find defendant's guilt beyond a reasonable doubt. *State v. Zauner,* 250 Or 105, 110, 441 P2d 85 (1968); *State v. Dennis,* 177 Or 73, 78, 159 P2d 838, 161 P2d 670 (1945). Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but

whether the evidence is sufficient for a jury to so find. *State v. Zauner, supra.*"

In support of his contention that a reasonable doubt existed, defendant points to the facts that the jury asked for and received reinstruction on the elements of second degree kidnapping and that the jury was not unanimous in its verdict of guilty. These arguments are without merit. Defendant also argues that there was insufficient evidence of defendant's "intent to interfere substantially with another's personal liberty," ORS 163.225(1). We conclude that there was ample circumstantial evidence of defendant's intent to interfere substantially with the victim's liberty from which the jury could have found defendant guilty beyond a reasonable doubt.

■ Finally, defendant argues that he was denied the effective assistance of counsel guaranteed under the Oregon and United States Constitutions. This issue, except in rare circumstances, is one that can be properly resolved only in a post-conviction proceeding in which evidence can be taken. *State v. Henley,* 31 Or App 109, 569 P2d 58 (1977); *State v. Robinson,* 25 Or App 675, 550 P2d 758 (1976). This is not one of those instances.

Affirmed.