Argued and submitted November 27, 1985, affirmed March 26, reconsideration denied May 2, petition for review denied May 20, 1986 (301 Or 165)

## STATE OF OREGON,
*Respondent,*

*v.*

## GRETCHEN MARIE SCHUMACHER,
*Appellant.*

(10-85-01199, 10-85-01200; CA A35792, A35793)
(Cases Consolidated)
3 715 P2d 1349

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant was convicted of conspiracy to commit murder, ORS 161.450, 163.115, and of robbery in the first degree. ORS 164.415. She was sentenced to 20 years imprisonment with a 10-year minimum on each conviction, the sentences to run consecutively. On appeal, the sole issue is whether separate convictions and sentences were permissible. We affirm.

Defendant pleaded guilty to the conspiracy and robbery charges. The conspiracy charge alleged that on or about July 1, 1984, she intentionally and unlawfully agreed with one or more persons to engage in and cause to be performed the murder of Kathryn Martini-Lissy. The robbery charge alleged that on July 5, 1984, she knowingly and unlawfully aided and abetted David Wilson "in committing and attempting to commit theft of money and jewelry by using physical force against Kathryn Martini-Lissy with the intent of preventing resistance to the taking of her property, the said David Wilson having caused serious physical injury to Kathryn Martini-Lissy." The thrust of defendant's argument is that, because there was no evidence presented to distinguish the serious physical injury suffered by the victim in the course of the robbery from that which caused her death, the crimes merge.

This is not a case involving "true" merger. All of the elements of the conspiracy were not necessarily included in the commission of the robbery, nor were all of the elements of the robbery included in the conspiracy. We turn, therefore, to whether the legislature intended that separate convictions and sentences could be imposed in this situation. *State v. Harris,* 287 Or 335, 342, 599 P2d 456 (1979); *State v. Richardson,* 77 Or App 64, 711 P2d 201 (1985).

The offenses were not committed in the course of a single criminal episode joined in time, place and circumstances and directed toward a single criminal objective. *See State v. Kessler,* 297 Or 460, 465, 686 P2d 345 (1984); *State v. Cloutier,* 286 Or 579, 595, 596 P2d 1278 (1979). "Violations of separate statutes by separate acts against the same victim for separate criminal objectives will support separate convictions

and separate sentences." *State v. Richardson, supra,* 77 Or App at 67.[1]

Here, defendant's actions were not directed toward a single criminal objective. The criminal objective of the conspiracy was to murder Kathryn Martini-Lissy. The criminal objective of the robbery was the forcible taking of the victim's property. If defendant had been charged, as she could have been, with felony murder, she could not have been convicted also of either the conspiracy or the robbery. Similarly, as defendant contends, she could not have been convicted and sentenced separately for conspiring to commit the robbery and for the commission of the completed crime. However, none of those circumstances exists in this case. Here, defendant was convicted of conspiracy to murder, and the conspiracy was a completed offense several days before the robbery took place. She could have been convicted of that crime even if no murder or robbery had occurred. Similarly, she could have been convicted of robbery as an accomplice, even if there had been no murder or no conspiracy to murder. Accordingly, we do not believe that the legislature intended that she could not be convicted and sentenced for the conspiracy to commit one crime as well as for the commission of other completed crimes, even though she may have also conspired to commit the other crimes.

This case is not controlled, as defendant contends, by *State v. Fickes,* 36 Or App 361, 584 P2d 770 (1978), and *State v. Steele,* 33 Or App 491, 577 P2d 524 (1978), *rev den* 285 Or 195 (1979). Those cases established the rule that, when the state relies on precisely the same act to establish the use of physical force element of a robbery and the force element of a separate offense against the same victim, separate convictions and sentences ordinarily may not be imposed. Here, the "act" necessary to establish the crime of conspiracy to murder is the act of agreeing with one or more persons to engage in or cause the performance of the offense.[2] The act is not the commission

---

[1] *See* Or Laws 1985, ch 722, § 4, adding new provisions to ORS ch 161. Those provisions are not applicable to this case.

[2] ORS 161.450(1) provides:

"A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony or a Class A misdemeanor be performed, the person agrees with one or more persons to engage in or cause the performance of such conduct."

of the murder itself, nor, in this case, the use of violence in the course of the robbery. It makes no difference that defendant's actions in furtherance of the conspiracy to murder encompassed some of the same conduct that established her complicity in the robbery.[3]

Affirmed.

---

[3] ORS 161.485 provides that it is no defense to the crime of conspiracy that the crimes conspired to be committed were actually committed.