# STATE OF OREGON,
*Respondent,*

*v.*

# STEVEN ALLEN BRANTON,
*Appellant.*

(85-4231; CA A38147)

728 P2d 571

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jeff Ellis, Certified Law Clerk, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was convicted of sodomy in the first degree, ORS 163.405,[1] sexual abuse in the first degree, ORS 163.425,[2] and kidnapping in the first degree. ORS 163.235. He was sentenced to 20 years imprisonment with a ten-year mandatory minimum on the sodomy conviction, five years imprisonment on the sexual abuse conviction and 20 years imprisonment on the kidnapping conviction, the sentences to run concurrently. On appeal, he asserts three assignments of error. However, he preserved error with respect to only one assignment: that the trial court erred in entering separate convictions and sentences for sodomy and sexual abuse. We affirm.

Defendant's convictions for sodomy and sexual abuse arise out of separate acts committed against the same victim. The sodomy occurred first and involved oral genital contact. The sexual abuse, which occurred several minutes later, after the victim had vomited, involved oral anal contact. Both offenses were committed on January 23, 1985, while defendant was on temporary leave from a state correctional facility.

---

[1] ORS 163.405 provides:

"(1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor; or

"(b) The victim is under 12 years of age; or

"(c) The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, the son or daughter of the actor or the son or daughter of the actor's spouse.

"(2) Sodomy in the first degree is a Class A felony."

[2] ORS 163.425 provides:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact; and

"(A) The victim is less than 12 years of age; or

"(B) The victim is subjected to forcible compulsion by the actor; or

"(b) Subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object not a part of the actor's body, and the victim does not consent thereto.

"(2) Sexual abuse in the first degree is a Class C felony."

The victim was the person into whose custody he had been released. Had he not committed the offenses, defendant would have been released on parole three days later.

Defendant contends that the trial court erred in refusing to "merge" his convictions for sodomy and sexual abuse, because the offenses were committed in the course of a single criminal episode joined in time, place and circumstances and directed towards a single criminal objective. The state contends that only the imposition of *consecutive* sentences creates a merger question, because concurrent sentences do not affect the duration of incarceration, or, in the alternative, that separate convictions and sentences were proper, because defendant paused, reflected and started anew after committing the sodomy offense and before committing the sexual abuse offense. Because we agree, although for different reasons, that separate convictions and sentences were proper, we need not reach the state's contention that only the imposition of consecutive sentences creates a merger problem.

■ Initially we note that the disposition of this case is not controlled by *State v. Harris,* 287 Or 335, 599 P2d 456 (1979), where the defendant was convicted of four counts of sodomy and one count of sexual abuse. He was sentenced to 20 years imprisonment on each count of sodomy and five years on the sexual abuse charge, the sentences to run concurrently. The Oregon Supreme Court held that the charge of sexual abuse should have been merged with at least one of the convictions for sodomy because, under the "factual setting" of the case, the acts underlying the conviction for sexual abuse constituted "consecutive steps" in the commission of an act of sodomy for which defendant was separately convicted and sentenced. In other words, *Harris* involved true "merger," in that the completion of one offense necessarily included commission of the other. *See State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979). Here, on the other hand, defendant's sexual abuse conviction is for an act committed subsequent to the completion of the act for which he was convicted of sodomy. Unlike *Harris,* therefore, this case does not involve "true" merger.

■ Similarly, this case is not controlled by *State v.*

*Garcia,* 288 Or 413, 605 P2d 671 (1980), in which the defendant, who was convicted of rape, kidnapping and three counts of sodomy for acts committed against a single victim over a period of approximately 40 minutes, was sentenced to five consecutive 20-year terms of imprisonment. The court held that separate punishments for several acts of sodomy would be appropriate only if "the defendant, after one act, starts anew after a time of reflection."[3] 288 Or at 429. The court ruled, however, that the defendant could be separately punished for rape and sodomy, because the legislature had chosen to make rape and sodomy two distinct offenses: It did not matter that the defendant had not paused between committing the crimes.

Here, the oral anal contact for which defendant was convicted of sexual abuse does not constitute "deviate sexual intercourse" under the statutory definition[4] and, therefore, would not sustain a separate charge of sodomy. Neither does defendant contend or is there evidence that the act constituted a step in an aborted attempt to commit a second sodomy. *See State v. Fisher,* 80 Or App 45, 48, 721 P2d 854, *rev den* 302 Or 36 (1986). Rather, defendant's conduct after the sodomy was directed toward a separate and distinguishable criminal objective: the commission of a separately proscribed and punishable offense. Separate sentences would therefore have been proper, even if defendant had not paused and reflected between criminal acts. *State v. Kessler,* 297 Or 460, 465, 686 P2d 345 (1984); *State v. Schumacher,* 78 Or App 265, 715 P2d 1349, *rev den* 301 Or 165 (1986).[5]

---

[3] ORS 161.062(4) (effective September 20, 1985), provides the current rule:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent. Each method of engaging in deviate sexual intercourse, as defined in ORS 163.305, and each method of engaging in sexual penetration with a foreign object, as defined in ORS 163.408 and 163.411, shall constitute separate violations of their respective statutory provisions for purposes of determining the number of statutory violations."

[4] ORS 163.305(1) provides:

" 'Deviate sexual intercourse' means sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another."

[5] We do not address what the disposition of this case would be under ORS

Affirmed.

---

161.062(1) (effective September 20, 1985), which provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations. However, when one of the statutory provisions violated is burglary in any degree, and the other statutory provision violated is theft or criminal mischief in any degree, and the theft or criminal mischief was pleaded as the intended crime of the burglary, the burglary and the theft or criminal mischief shall constitute only one punishable offense."