Argued and submitted May 13, judgment of conviction for
burglary vacated; remanded for resentencing July 6,
petition for reconsideration denied August 13,
petition for review denied September 22, 1981 (291 Or 662)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES ALAN PAPINEAU,
*Appellant.*

### (No. 19-839, CA 18854)

630 P2d 904

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals from the judgment on his convictions for Robbery in the First Degree and Burglary in the First Degree. Defendant was indicted for one count of Robbery in the First Degree (ORS 164.415), two counts of Burglary in the First Degree (ORS 164.225) and one count of Theft in the First Degree (ORS 164.055). The jury found him guilty on all counts. The trial judge sentenced him to 20 years on the robbery charge and 20 years, to run concurrently, on the burglary charges. Pursuant to ORS 161.610 and 144.110, minimum sentences were imposed on both sentences. The two burglary charges were merged, and the theft charge was merged with the burglary and robbery charges for conviction and sentencing purposes. On appeal, the defendant contends that (1) the robbery conviction should merge with the conviction for burglary and (2) the minimum sentences imposed by the trial court were improper. We conclude that the robbery and burglary charges merge[1] for conviction and sentencing purposes.

The facts are not in dispute. On the night in question defendant was playing cards with the victim, James Stokes, and some other men in a mutual friend's apartment. Stokes lived in the same apartment complex. During the game Stokes' roommate came into the apartment and told Stokes he was leaving for Portland. A short time later defendant left the card game. Soon thereafter Stokes also left the game and returned to his own apartment. After entering the apartment, Stokes got something to eat and sat down in a chair to watch television. He heard noises upstairs and looked up to see the defendant standing at the top of the stairs pointing a rifle at him. The defendant ordered Stokes not to look up or move. He threatened to kill Stokes and threw two bullets in Stokes' lap. The defendant then mumbled something about blowing Stokes' brains out, walked down the stairs and placed the barrel of the rifle against Stokes' head. Almost simultaneously, Stokes grabbed the barrel of the rifle and moved his head. At that

---

[1] The Supreme Court has pointed out that the term "merger" "* * * is best reserved for the situation when completion of one offense necessarily includes acts sufficient to constitute violation of another statute." *State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979). Our usage does not strictly comport with *Cloutier,* but it avoids an unnecessary and wordy description of the issues.

point the rifle discharged. Defendant fled and threatened to kill Stokes if he followed him. The rifle, which belonged to Stokes' roommate, was the only thing taken from Stokes' apartment.

Defendant contends that, because he had a single criminal objective, *viz.,* theft of the rifle, and because the robbery and burglary were part of the same criminal episode, the burglary conviction should merge with his conviction for robbery. The state admits that the two crimes had a common objective and were part of the same criminal episode, but contends that they do not merge because one, the act of robbery, was not the crime specifically intended as part of the burglary and, secondly, because the two crimes operated separately to inflict distinct injuries on the victim.

In *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979), the Supreme Court analyzed the problem of merger in a variety of contexts. The specific question before the court was whether a conviction for theft merged with a conviction for burglary where the theft was the object of the burglary. Reaffirming its decision in *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), the court held:

> "[W]hen a breaking and entering with intent to commit a crime is followed by the commission of the intended crime, the penalty is to be limited to that prescribed for the offense carrying the greater potential sentence." *Id.,* at 596.

In this case there is no question that the two offenses occurred during the course of a single criminal episode and had a common objective, theft.[2] Therefore, the theft was properly merged with the robbery and burglary convictions. *State v. Cloutier, supra,* 286 Or at 597. In this case, however, an additional crime beyond the one originally intended was committed after the illegal entry. Nevertheless, we conclude that the holding in *Cloutier* applies and the robbery and burglary merge.

A person commits the crime of burglary "if he enters or remains unlawfully in a building with intent to

---

[2] *See State v. Cloutier, supra,* 286 Or 595, for a discussion of criminal episode and criminal objective.

commit a crime therein." ORS 164.215(1).[3] The defendant entered the victim's apartment to commit the crime of theft. He remained on the premises not only to complete the theft but to commit robbery. Robbery occurs when

"* * * in the course of committing or attempting to commit theft [a person] uses or threatens the immediate use of physical force upon another person with the intent of:

"(a)   Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; * * *." ORS 164.395(1)(a).[4]

Thus, once the defendant confronted the victim, the theft became robbery and both offenses became the intended crimes of the burglary.[5]

---

[3] A person commits burglary in the first degree if

"* * * he violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom he:

"(a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon." ORS 164.225(1).

[4] ORS 164.395(1) provides:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft."

A person commits robbery in the first degree

"* * * if he violates ORS 164.395 and he:

"(a) Is armed with a deadly weapon; or

"(b) Uses or attempts to use a dangerous weapon; or

"(c) Causes or attempts to cause serious physical injury to any person." ORS 164.415.

[5] Our conclusion is not different because the indictment states that the theft was the object of the burglary but does not state that the robbery was also the object of the burglary. As pointed out, *infra,* the theft became robbery once the defendant confronted his victim with the rifle.

■ In reaching this conclusion, we rely on our opinion in *State v. Reams,* 47 Or App 907, 616 P2d 498 (1980). In that case, the defendant was convicted of burglary, felony murder and attempted murder. The defendant, whose wife had left him, broke into his in-laws' house with the intention of finding his wife. He was armed at the time and obtained a second gun inside the house. After his in-laws returned home, the defendant, who had hidden in the living room, listened to their conversation for a time and then burst in on them, shooting and killing his father-in-law and wounding his mother-in-law. On appeal, the defendant contended that an instruction on the lesser included offense of criminal trespass should have been given because he did not intend to assault anyone at the time he entered the house.[6] There was no question that the defendant formed the intent to commit assault while inside the house. On that basis, this court concluded that the lesser included offense instruction was properly refused because

"[I]n order to find defendant guilty only of criminal trespass, the jury would have had to have accepted in part and rejected in part the uncontradicted evidence presented at trial, that is, that defendant remained unlawfully inside and shot the victim but did not intend to commit assault when he did so." *Id.,* at 918.

Our decision in *Reams* establishes that a person is guilty of burglary not only when he enters a building with the intent to commit a crime, but when he enters and then remains after having formed the intent to commit a crime. The crime committed therein is the object of the burglary even though it may not have been the intention of the defendant when he entered the dwelling.

■ In this case, defendant remained in the apartment not only to commit the crime of theft but also to commit robbery. Both crimes were the object of the same burglary. Because robbery was the defendant's objective when he committed the burglary, the defendant may properly be convicted of only the robbery.[7] *State v. Cloutier, supra,* 286

---

[6] If the defendant in *Reams* were found guilty of criminal trespass only, he could not be convicted of felony murder because criminal trespass is a misdemeanor. *See* ORS 164.245.

[7] As noted, the state contends that because there were two injuries, the theft and the threat to the victim, the defendant can be properly convicted on both the

Or at 596-597; *State v. Dinkel,* 49 Or App 917, 926 n 5, 621 P2d 626 (1980); *State v. Woolard, supra.* Defendant's conviction for burglary is vacated and this case is remanded for resentencing on the robbery conviction alone.

■ Defendant's second claim of error is that the trial court erred in imposing minimum sentences on his convictions. The trial court imposed five year minimum terms pursuant to ORS 161.610[8] on both convictions and concurrent minimums of seven and five years pursuant to ORS 144.110(1)[9] on the robbery and burglary convictions, respectively. Defendant contends that ORS 161.610 does not apply to first degree robbery and first degree burglary because use of a firearm is an element of those crimes and the legislature could not have intended that a defendant's penalty be increased twice because of the same conduct. Alternatively, he argues that, if the provisions of ORS 161.610 do apply, then they govern over the provisions of ORS 144.110 which cannot also simultaneously be applied.

---

robbery and burglary charges. It is true that these are separate injuries, but both injuries are included within the definition of first degree robbery. The fact that a threat is made causes the theft to become a robbery and the fact that the threat is made with a gun causes the robbery to become first degree robbery.

[8] ORS 161.610 provides, in pertinent part, that:

"* * * * *

"(4) Notwithstanding the provisions of ORS 161.605 or subsection (2) of 137.010, if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment as provided in subsection (5) of this section. Except as provided in subsection (6) of this section, in no case shall any person punishable under this section become eligible for work release or parole until the minimum term of imprisonment is served, less reductions of imprisonment for good time served, nor shall the execution of the sentence imposed upon such person be suspended by the court.

"(5) The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a) Except as provided in subsection (6) of this section, upon the first conviction for such felony, five years.

"* * * * *."

[9] ORS 144.110 provides, in pertinent part, that:

"(1) In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

"* * * * *."

We have decided these matters adversely to the defendant in *State v. Warner,* 52 Or App 987, 630 P2d 385 (1981).

Judgment of conviction for burglary vacated; remanded for resentencing.