Argued and submitted June 22, judgment affirmed; sentence vacated and remanded for resentencing August 3, 1981

## STATE OF OREGON,
*Respondent,*
*v.*
## MATTHEW DENNIS THOMAS,
*Appellant.*

(No. C 80-04-31217, CA 19465)

632 P2d 30

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Following trial by jury, defendant was convicted of conspiracy to commit robbery in the first degree, robbery in the first degree, burglary in the first degree and unauthorized use of a motor vehicle. The trial court merged the conspiracy conviction into the robbery conviction and sentenced defendant to twenty years imprisonment on the robbery charge, twenty years imprisonment on the burglary charge to run concurrently with the sentence on the robbery, and five years consecutive to the other charges on the unauthorized use of a vehicle conviction. Defendant appeals, challenging only the sentences imposed.

All charges arose out of the same criminal episode. Defendant and two companions planned to rob a service station. Pursuant to the plan, defendant broke into the service station after it had been closed for the night. He waited for the manager to arrive to open the station the next morning and robbed him at gunpoint. The men then took the manager's car and drove away.

Defendant first contends that the robbery and burglary convictions should have been merged because he broke and entered the service station with the intent to commit robbery. He argues the rationale of *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979), and *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), is applicable. In *State v. Papineau,* 53 Or App 33, 630 P2d 904 (1981), where defendant broke and entered a residence and then committed a robbery, we held that a burglary merged with the robbery for purposes of sentencing. For the same reasons expressed in *Papineau,* we conclude the robbery and burglary convictions merge here.

Defendant's second contention is that the sentences imposed are excessive. Because we remand for resentencing, we need not discuss that contention.

Judgment affirmed; sentence vacated and remanded for resentencing.