Argued and submitted August 2, 1982, resubmitted in banc March 9, affirmed March 16, reconsideration denied June 10, petition for review allowed October 4, 1983 (295 Or 730)
See 296 Or 174, 674 P2d 587 (1983)

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH FOSTER,
*Appellant.*

(81-333C; CA A22845)

660 P2d 200

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Defendant was convicted of felony murder, first degree kidnapping and criminal conspiracy. The latter charges were merged into the murder conviction for purposes of sentencing. Defendant appeals from the resulting judgment.

One of the state's principal witnesses was defendant's accomplice, Walker. Before the trial commenced and again during Walker's testimony, defendant's attorney sought rulings from the court that no mention could be made of the fact that Walker was required to take a polygraph examination as a condition of his plea agreement with the state and that defendant could impeach Walker on the basis of the plea agreement without opening the door to the state's introduction of the polygraph condition as rehabilitation evidence. The court indicated that it was inclined to admit evidence of the polygraph.

On cross-examination of the accomplice, defendant declined to ask him about the plea agreement. Had he done so, and had the polygraph condition of the agreement then been received, defendant would have had the opportunity to argue on appeal that the admission of that evidence was error. *State v. Middleton,* 61 Or App 680, 658 P2d 555 (1983). Although the court indicated how it would rule, it was never actually called upon to make a ruling. There is no error requiring reversal.

Affirmed.