## STATE OF OREGON,
*Respondent,*

*v.*

## LAMONT SONNY JOHNSON,
*Appellant.*

(C82-03-34358 & C82-03-34359;
CA A26252 & A26253)

669 P2d 1151

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In these consolidated cases, defendant appeals his convictions for burglary in the first degree, two counts of robbery in the first degree and being an exconvict in possession of a firearm. Defendant was sentenced to three concurrent terms of twenty years imprisonment on the convictions for burglary and robbery, with a mandatory minimum sentence of five years on the robbery in the first degree convictions. The court sentenced defendant to five years imprisonment on his conviction for being an exconvict in possession of a firearm. The testimony at trial was that, armed with guns, defendant and another man entered a house, tied up the residents and ransacked the house, taking cash and items of property. Defendant presented alibi witnesses but did not testify.

■ Defendant's first assignment of error relates to the admissibility for impeachment of evidence of his prior convictions. Defendant made a pretrial motion that the state not offer evidence of prior convictions without a ruling from the court that the evidence met the requirements of OEC 609. In response to defendant's motion, the court indicated that it was reluctant to rule without knowing if defendant would testify and the substance of his testimony. The following colloquy took place:

"[DEFENDANT'S COUNSEL]: All right, Your Honor. Then we'll just ask that you reserve ruling on it, and when we get to that stage of the trial, an opportunity to be heard outside the presence of the jury before we cross that bridge.

"THE COURT: Fine. And if [defendant] does not testify, the whole thing is moot.

"[DEFENDANT'S COUNSEL]: Okay. That's fine."

During presentation of evidence on behalf of defendant, his counsel again asked the court for a ruling on the admissibility of defendant's prior convictions in the event that he testified. The court again stated its reluctance to give an advisory ruling but indicated its opinion that the evidence was proper impeachment. Defendant presented alibi witnesses but did not testify. There is no indication in the record as to why defendant chose not to take the stand. The court was not presented with the necessity to rule finally on the admissibility of the prior convictions, and there is no final ruling for us to review. *See State v. Foster,* 62 Or App 298, 660 P2d 200 (1983).

■     Defendant's second assignment of error is that his convictions for burglary and robbery should have been "merged."[1] In *State v. Cloutier,* 286 Or 579, 596, 596 P2d 1278 (1979), the court reaffirmed its holding in *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), that, when a breaking and entering with intent to commit a crime is followed by the commission of the intended crime, the penalty is to be limited to that prescribed for the offense carrying the greater potential sentence. The state agrees that defendant could not be sentenced separately for burglary and robbery under the facts of this case. However, the state argues that, because the sentences here are to run concurrently, defendant has no complaint. Although we have reversed for failure to merge for sentencing even though the sentences were concurrent, *e.g., State v. Papineau,* 53 Or App 33, 630 P2d 904, *rev den* 291 Or 662 (1981); *State v. Thomas,* 53 Or App 363, 632 P2d 30 (1981), we have apparently not directly addressed the issue raised by the state.

    The state argues that when multiplicity of sentences does not result in the accumulation of terms of imprisonment, defendant is not harmed because only the crime with the highest rating affects parole proceedings, and the time served is thus not affected. Citing *State v. Garcia,* 288 Or 413, 427, 605 P2d 671 (1980), the state suggests that our review should be limited to whether the multiplicity of sentences results in "punishment disproportionate to the defendant's criminal responsibility for a single criminal episode." However, we disagree with the state's narrow view of "punishment" as consisting simply of time served.[2]

    As the Supreme Court explained in *Garcia,* in cases involving multiple offenses:

> "The separate counts * * * are appropriate in the prosecutorial stage because the prosecution may be able to prove one * * * but not another. The jury may appropriately return verdicts of guilty on all * * * counts. At the sentencing stage, however, the court's concern is with the defendant's criminal

---

[1] *See State v. Papineau,* 53 Or App 33, 35, n 1, 630 P2d 904, *rev den* 291 Or 662 (1981), for an explanation of our use of the term here.

[2] We do not address whether the state is correct that time served is unaffected by concurrent sentences.

responsibility for a single criminal episode." 288 Or at 425. (Footnote omitted.)

What is the point of concurrent sentencing and multiple convictions if not to recognize "criminal responsibility" for each separate offense? That concurrent sentencing has consequences other than time served is especially apparent when we consider that in such cases the ultimate disposition is not only that the sentences are to be "merged" but also that the judgments of conviction should be "merged." That procedure was recommended in *State v. Cloutier, supra,* in which the defendant had been found guilty of both first degree burglary and second degree theft:

"\* \* \* This poses the question what if any order or judgment of conviction is to be entered upon the remaining pleas or verdicts when sentence can legally be imposed on only one conviction. The answer is important primarily, though not exclusively, for the process of appeal and possible further proceedings in case of a reversal.

"\* \* \* \* \*

"\* \* \* A trial court might pronounce a judgment of conviction on each of the charges, indicating the sentence he would impose if the conviction stood alone but suspending its execution (or suspending imposition of sentence), and accompany the judgment on each but the gravest charge with an order that the judgment is vacated by its own terms whenever the time for appeal has elapsed or the judgment appealed from has been affirmed. Such an order would make it clear on the record that the conviction on the secondary charge retains no legal effect in the absence of a further order reviving it in case a successful appeal from the judgment on the gravest charge is not followed by a retrial on that charge. \* \* \*" 286 Or at 600-03.

The *Cloutier* court then remanded for resentencing and a judgment of conviction on the burglary count only. We have similarly vacated a conviction for the lesser offense. *State v. Papineau, supra,* 53 Or App at 39; *see also State v. Garcia, supra,* 288 Or at 429 ("one conviction and sentence" appropriate). A record with multiple judgments of conviction and concurrent sentences when only one sentence is proper amounts to a "punishment disproportionate to the defendant's criminal responsibility for a single criminal episode."

Conviction for burglary vacated; remanded for resentencing on the robbery convictions; conviction for exconvict in possession of firearm affirmed.