Argued and submitted September 16, reversed and remanded with instructions November 9, 1983, reconsideration denied January 6, petition for review denied January 24, 1984 (296 Or 350)

# DAVID RAY JAMES,
*Appellant,*

*v.*

## CUPP,
*Respondent.*

(128,457; CA A27401)

671 P2d 750

Jay Edwards, Salem, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

This is a post-conviction relief case in which petitioner appeals an adverse ruling by the trial court. We modify the judgment.

Petitioner raises several assignments of error, only one of which requires discussion. He was convicted on two counts of first degree sodomy, two counts of first degree rape and one count of first degree sexual abuse. The convictions all stemmed from one transaction and the crimes were all committed against one victim. The convictions were merged for sentencing; petitioner received a 14-year sentence. Nonetheless, petitioner has all five convictions on his record. He argues that only one conviction should have been entered. He is only partly right.

■■ A criminal defendant may be separately convicted and sentenced for both rape and sodomy committed during the same transaction and against the same victim. *State v. Garcia,* 288 Or 413, 605 P2d 671 (1980). Thus, at least one each of defendant's convictions for rape and sodomy was permissible. On the other hand, *Garcia* appears to preclude convicting and sentencing defendant for more than one count each of sodomy and rape arising out of the same transaction unless "the defendant, after one act, starts anew after a time for reflection." 288 Or at 429. The record discloses no "time for reflection" here. We conclude, therefore, that defendant's convictions on the second rape and sodomy counts were inappropriate. The sexual abuse count was based on facts independent of either rape or sodomy; that conviction was proper. *See State v. Harris,* 287 Or 335, 340, 599 P2d 456 (1979).

The judgment of the post-conviction relief trial court is reversed and remanded with instructions to grant petitioner's petition by deleting the judgments against petitioner for sodomy in the first degree (count IV) and rape in the first degree (count V) in Linn Co. File No. 5563. In all other respects, it is affirmed.

Reversed and remanded.