Argued and submitted November 23, 1983, conviction affirmed, sentence modified
with instructions, reconsideration denied June 29, petition for review denied July 31,
1984 (297 Or 546)

# STATE OF OREGON,
*Respondent,*

*v.*

# LINCOLN JACKSON,
*Appellant.*

(82-1997-C-1; CA A27928)

683 P2d 120

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals his convictions for murder, felony murder, kidnapping in the first degree and criminal conspiracy. He assigns four errors, two of which were not raised below and will not be discussed. Another one was also not raised below but is apparent on the face of the record and will be considered. The fourth requires some discussion to determine whether the error was properly preserved; because we conclude that it was not, we affirm the convictions, but modify the sentence.

This case is the third one to reach this court involving the kidnapping and killing of Andrew Norwest, for which Archie Snider, Kenneth Foster, Terry Walker and defendant were charged. Snider and Foster were convicted in earlier trials, but their convictions were reversed by the Supreme Court. *State v. Snider,* 296 Or 168, 674 P2d 585 (1983); *State v. Foster,* 296 Or 174, 674 P2d 587 (1983). Walker entered into a plea agreement with the state that required him to testify in the trials of his three codefendants. It also required that he take a polygraph examination as to the truthfulness of his statements to the police and as to his testimony at trial. If the polygraph results demonstrated that he had been truthful, he would be allowed to plead guilty to the lesser-included offense of manslaughter in the first degree.

In Snider's trial, after Walker had testified on direct examination, he was cross-examined about his plea agreement for the purpose of impeaching him. On redirect examination, the state introduced the written plea agreement in its entirety, to which defense counsel objected. The objection was overruled, and the agreement was admitted. We reversed the conviction, 62 Or App 658, 661 P2d 124 (1983), and the Supreme Court affirmed, holding that the trial court's ruling was both erroneous and prejudicial.

In Foster's trial, the plea agreement was not admitted in evidence; rather, defense counsel sought a pretrial ruling that would permit him to cross-examine Walker about his agreement without permitting the state, on redirect examination, to put in evidence the entire plea agreement, including the polygraph provisions. The trial court had stated that, although the polygraph provisions were not admissible as such, if the defendant cross-examined Walker about the plea

agreement the state would be permitted to put in the total agreement, including evidence of what the lie detector results were. In the light of that ruling, defense counsel did not cross-examine Walker about the plea agreement. He did, however, raise the question again at a recess after he had finished cross-examination of Walker, and the trial court adhered to its preliminary ruling.

On appeal, he assigned error to the trial court's rulings, under which he claimed that he was denied the opportunity to attempt to impeach Walker by virtue of his plea agreement. We affirmed the conviction, 62 Or App 298, 660 P2d 200 (1983), holding that the defendant was required to ask whatever questions he wished to ask on cross-examination, and if the polygraph condition of the plea agreement was admitted on redirect examination over the defendant's objection, the claimed error would be properly before us. Because that was not done, we held that there was no error requiring reversal.

The Supreme Court reversed. Although the court agreed with us that the pretrial indication by the trial judge was tentative and did not amount to a ruling on which the defendant could claim error on appeal, it held that defense counsel's renewal of the issue during the trial was sufficient. After counsel's cross-examination of Walker, he had asked the court to reconsider its "ruling" so that counsel could cross-examine Walker about his plea agreement without letting in the "lie detector test." The court responded that counsel was asking it to make a premature determination, at which point counsel made a brief offer of proof indicating what he would ask Walker and that the state would offer the plea agreement on redirect. He then inquired again whether the court would admit the agreement. The court responded that it would, and counsel stated he would then move for a mistrial. The plea agreement was offered as an exhibit as part of the offer of proof. The Supreme Court held that defense counsel had made an appropriate offer of proof of the agreement for the record, and that the trial court's ruling at that point was definite and that defense counsel was required to do no more.

This case is a third variant of the theme. The following took place during a pretrial conference and is the sole basis for defendant's first assignment of error:

"[PROSECUTOR]: First of all the next witness will be Terry Walker. He is a Co-Defendant that I advised the Jury would be testifying. He has entered into an agreement with the State. * * *

"* * * * *

"[DEFENSE COUNSEL]: Your Honor, the first case among these three the Defense Counsel objected or tried to impeach the credibility of the witness, Walker, by attacking, by bringing up the fact that he had made an agreement with the State for immunity. Part of that immunity I agree consists of an agreement to take a polygraph test and be truthful in the polygraph test. I would like to object on the grounds of the Prosecutor's misconduct. They incorporated into an immunity the polygraph situation which makes it impossible for us to bring up or attack the credibility of the witness based on his bias because incorporated in the agreement is the polygraph, obviously the polygraph examination would not be admissible under ordinary circumstances, and what the State is trying to do is bolster their witness by providing the Jury with the fact that he took and passed a polygraph examination because it was incorporated in the agreement. For that reason we would object that the Prosecutor engaged in misconduct by attacking the credibility of the witness by incorporating that polygraph examination.

"THE COURT: I simply don't want the Jury to hear about the polygraph.

"[DEFENSE COUNSEL]: I think it is a two part agreement, one that he take the polygraph, one of the other terms of the immunity is that we at least have the ability to show this was a normal case, the witness was given immunity and may possibly be biased in his testimony.

"THE COURT: My question, however, is your purpose that you wish to avoid the Jurors hearing about the polygraph examination.

"[DEFENSE COUNSEL]: The purpose is it would — its prejudice would outweigh the probative value, I guess the layman would not be aware of the problem with the polygraph, we had no control over who the operator was, what the questions were that were asked, and all they hear is that a lie detector test was given and apparently anything I asked him in cross-examination or any areas that could be potential lies will probably be dismissed by the Jury because he passed the polygraph, therefore he must be telling the truth.

"THE COURT: Okay, Mr. [Prosecutor].

"[PROSECUTOR]: Okay. Well, briefly the State's position has been consistent throughout these trials and that is that if the Defense Counsel attempts to impeach the credibility of the witness, Walker, by saying that he has made an agreement with the State in exchange for his testimony then we can seek to introduce the agreement in its entirety, and I don't believe the Court has ever seen the agreement, but it is in evidence, not in this trial but I mean its with the other evidence, Plaintiff's Exhibit 57. All we are saying is that if he is attacked on the grounds that he has an agreement with the State we feel it is appropriate that the agreement with all of its particulars come in so this Jury may make whatever determination they feel is appropriate with respect to his credibility.

"THE COURT: Were you involved in arranging this agreement?

"[PROSECUTOR]: Pardon me?

"THE COURT: Were you involved personally in arranging this agreement?

"[PROSECUTOR]: Yes, I was, Your Honor.

"THE COURT: And were you the one responsible for having the polygraph provisions put in the agreement?

"[PROSECUTOR]: Yes.

"THE COURT: And what was your purpose in doing so?

"[PROSECUTOR]: First of all I wanted the entire agreement, the one document, and I wanted something that I could feel would give me personally, or our office, if somebody else had to try it, some feeling of assurance that Walker, as a witness, Terry Walker was telling the truth. I think that when you do make an agreement I should point out to the Court in terms of this agreement it does not give him immunity of it, in fact he is pleading guilty to Manslaughter in the First Degree. The State has agreed to make no recommendation but the State will present all of the facts to the Court for its consideration at sentencing. He is not pleading guilty to Murder, that is true, but he will be pleading guilty to Manslaughter and I suppose any time you make any kind of an agreement if a person in this Defendant's situation, the Prosecutor has to be somewhat concerned that he has some way of determining whether or not the witness is telling the truth. This agreement is inoperative if he is false.

"[DEFENSE COUNSEL]: I agree with the Prosecutor to the extent that I would like to know if the witness is telling the

truth, but if he wants to be satisfied in his own mind that is fine, I think the Jury should not have to or should not be shown the fact that he took the polygraph and therefore give ornate *[sic]* weight to the fact this is a machine that tests veracity, they are the ones that should test his veracity.

"THE COURT: All right. It is true in testing the witnesses' veracity the Jury has a right to rely on their opinion, they're not required to rely on some other device or person. Also it is true that the Oregon Courts have not yet accepted the polygraph as an acceptable evidentury *[sic]* tool in the Courts, but we have here a different question. The question here is whether this was an appropriate thing for the State to do, both in the sense of using the polygraph and in the sense of incorporating it into the agreement. Although the polygraph is not accepted by Courts as reliable evidence the polygraph is apparently widely accepted by Prosecutors and Defense Attorneys for the purpose of determining whether a particular witness may be telling the truth or not, and it is apparent from general experience in the profession that attorneys and prosecutors commonly rely on the polygraph to determine whether to use the witness, whether to prosecute a particular Defendant and that sort of thing. Therefore it appears to the Court that it is a legitimate tool for the State to use in determining whether they are going to accept a witness and exchange immunity for that witness's testimony. Because it appears to be a legitimate tool used in a legitimate fashion and because Counsel for the State has represented in this case it would be used in that purpose the Court finds no abuse in the State incorporating that into the agreement with the witness. There being no abuse in the Court's opinion there is no legitimate basis for the Defense to object on the grounds that some way it deprives them of their opportunity to impeach the witness. They simply take the agreement as they find it, and based upon the representations thus made the Court is inclined at this point, in the event the Defendant uses the agreement in an effort to impeach the testimony, to admit the agreement in its written form. I recognize that it is anticipatory at this point, I simply would inform Counsel what my inclinations are as they may be of assistance to them in deciding how they wish to pursue the matter. * * *"

As in *Foster,* the trial judge here indicated that his ruling was anticipatory and that he was simply informing counsel what his inclinations were. In *Foster,* the Supreme Court stated:

"At this stage of the pre-trial proceeding, the court was still tentative and had made no ruling defendant can claim as error." 296 Or at 180.

Unlike *Foster,* defendant did not raise the question again either during or after cross-examination of Walker, who was not asked about his plea agreement. In *Foster,* the court, after relating the proceedings following defendant's cross-examination of Walker, stated:

"* * * The Court's ruling at that point was definite and defense counsel was required to do no more. Of course, after hearing further testimony during the trial, the judge could change his or her mind and indicate to counsel the contested evidence question would be reopened, but unless that is done counsel should be entitled to rely on the court's ruling. * * *" 296 Or at 181.

■ Given the line drawn by the Supreme Court in *Foster,* we conclude that defendant did not adequately protect his record in objecting to evidence of the condition in the plea agreement that the state's witness take and pass a polygraph examination. Accordingly, we affirm the conviction.

■ Defendant's fourth assignment of error is that the trial court erred in sentencing him under ORS 144.110(1) to a mandatory minimum of ten years of the mandatory life sentence for intentional murder. Although defendant did not raise that question below, the portion of the sentence requiring defendant to serve a minimum of ten years on the life sentence was clear error, *State v. Macy,* 295 Or 738, 671 P2d 92 (1983), and is apparent on the face of the record. Accordingly, we modify the sentence to delete the mandatory minimum sentence.

Conviction affirmed; the sentence for intentional murder is modified to delete the requirement that defendant serve a minimum of ten years.