Argued and submitted September 26, 1984, affirmed June 5, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID LEE DOLAN, aka
Kenneth Allen Layman,
*Appellant.*

(10-83-07554; CA A31029)

701 P2d 478

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Linda J. DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals from convictions for burglary in the second degree and unauthorized use of a motor vehicle. We affirm.

Defendant broke a window, entered the Coburg substation of the Eugene Fire Department and left driving a red squad van. He drove to southern California, stopping along the way to obtain fuel by posing as a fireman. He was eventually arrested after he signed a fuel receipt slip with his own name and after another fuel receipt slip, signed with an assumed name, was determined to bear his fingerprint.

Defendant assigns error to the trial court's failure to merge his convictions for second degree burglary and unauthorized use of a motor vehicle, and to its failure to exclude evidence of defendant's use of an alias two months before the criminal episode.

In his argument that there should have been only one conviction, defendant relies on cases holding that a defendant may not be convicted of both burglary and a theft-type crime which the burglar intended to commit at the time of the unlawful entry. *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979); *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971); *State v. Thomas,* 53 Or App 363, 632 P2d 30 (1981); *State v. Papineau,* 53 Or App 33, 630 P2d 904, *rev den* 291 Or 662 (1981). He argues that the jury necessarily found that he broke into the fire substation with the intent to take the van and that the unauthorized use of the van was thus used both as the basis for a separate conviction and as the element of intent in his burglary conviction.

We need not decide whether the unauthorized use of the van over a considerable period of time might be a separate criminal objective from the initial theft of the van,[1] because there was evidence from which the jury could have found that defendant's intent upon entering the substation was to steal property other than the van and equipment in the van. Eyewitnesses described defendant as wearing various items of firefighter's uniform, and there was testimony that such items

---

[1] Defendant was not charged with theft.

of equipment were missing from the locker area of the substation. Because the intent to take items other than the van and its equipment could have been the basis for the burglary conviction, the separate convictions were proper. *See State v. Skaggs,* 42 Or App 763, 767, 601 P2d 862 (1979).

Defendant also assigns as error the trial court's admission of evidence, over his objection, that he used an alias in an otherwise innocent incident two months before the burglary of the substation. He characterizes that evidence as evidence of a prior bad act that was more prejudicial than it was probative, citing OEC 401, 403 and 404(3).

Although not necessarily "a bad act," the use of an alias at a time unconnected with the criminal episode is only remotely relevant, if at all, and was prejudicial.

Assuming that it was error to admit that evidence in this case, the error was harmless. The testimony of several eyewitnesses that they saw defendant in fireman's gear driving the van, defendant's statement to one person from whom he obtained fuel that he worked at the Coburg substation, his name on one gas receipt and fingerprints on another that was signed with an alias make it highly unlikely that the evidence that he used an alias two months earlier had any effect on the jury verdict. *State v. Van Hooser,* 266 Or 19, 25-26, 511 P2d 359 (1973).

Affirmed.