## STATE OF OREGON,
*Respondent,*

*v.*

## RANDY DENTON FISHER,
*Appellant.*

(C84-07-33226; CA A35727)

721 P2d 854

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

BUTTLER, J.

Rossman, J., dissenting.

## BUTTLER, J.

Defendant appeals the entry of separate convictions and separate consecutive sentences for rape, ORS 163.375, and aggravated murder, ORS 163.095(2)(d), following a jury verdict finding him guilty of aggravated murder, murder, rape in the first degree, attempted rape in the first degree and burglary in the first degree.[1] He contends that the rape was an underlying element of the greater offense of aggravated felony murder and that, therefore, the crimes merge, making separate convictions and separate sentences impermissible. On the record before us, we agree and vacate the conviction and sentence for rape in the first degree.

The crimes occurred on July 7, 1984, at approximately 10:40 in the evening. The victim was home alone in her apartment when defendant entered unlawfully and forcibly raped her. She managed to escape long enough to get to the front door of the apartment, open it and to scream: "Help. Help. He's trying to rape me. Oh, God, not again." A neighbor heard the victim's scream, went outside and saw her trying to crawl out the half-opened door and saw her hand trying to reach the outside doorknob. He then saw an arm reach out and pull her back inside, whereupon the door slammed shut. A second neighbor arrived at the scene and, after the first neighbor told him what he had seen, the two ran to the victim's door and knocked. A male voice from inside told them to go away and that everything was fine. They heard no sounds of a struggle. The first neighbor then left to find the apartment manager. After he was gone, the second neighbor heard a loud thump, as if something heavy had been dropped inside the apartment. He then heard what sounded like a sliding door being opened.

The police arrived a short time later, entered the apartment and found the victim lying dead in the bathtub. Her death had been caused by multiple stab wounds to the chest and abdomen, inflicted by a long knife blade. There were numerous other superficial wounds on her body that had been inflicted by a smaller knife blade.

The trial court concluded that the jury had found that

---

[1] Defendant was sentenced to life imprisonment with a 20-year minimum for aggravated murder and 20-years imprisonment for the rape.

defendant did not commit the homicide in the course of the rape, but in furtherance of either the later attempted rape or the burglary. It further concluded that the attempted rape had been committed after the victim was observed attempting to escape. On the basis of those conclusions, the court merged the burglary into the attempted rape and, in turn, the attempted rape and the murder into the aggravated murder for the purpose of conviction and sentence. *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979); *State v. Atkinson,* 80 Or App 54, 722 P2d 9 (1986); *State v. Watkins,* 67 Or App 657, 679 P2d 882, *rev den* 297 Or 272 (1984) (murder merges into aggravated murder). It then ruled that, because the rape and the later attempted rape were separated in time by the victim's escape attempt and because the aggravated murder conviction could be predicated on the attempted rape and not the completed rape, defendant could be separately convicted and sentenced for the rape.

At the time when defendant committed the crimes, separate convictions and sentences were permissible for more than one count of rape of the same victim only "if the defendant, after one act, start[ed] anew after a time of reflection." *State v. Garcia,* 288 Or 413, 429, 605 P2d 671 (1980); *James v. Cupp,* 65 Or App 377, 671 P2d 750 (1983), *rev den* 296 Or 350 (1984). Oregon Laws 1985, chapter 722, section 4, codified as ORS 161.062(4), provides the current rule:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

■ Here, defendant was not charged with two counts of rape; he was charged, rather, with one count of rape and one count of attempted rape. Therefore, the two acts involved the violation of more than one statutory provision. Nevertheless, we conclude that the rule enunciated in *Garcia* is applicable, if

not the new statutory provision.[2] Accordingly, if defendant did not pause, reflect and start anew, then, if he had completed the second rape, under *Garcia* he could not have been separately convicted and sentenced for both offenses. Therefore, because there is no reason to assume that the legislature intended to sanction a more severe penalty when the second offense was not completed, if defendant did not pause, reflect and start anew after the completed rape, he could not be separately convicted and sentenced for the attempted rape.

The jury was not instructed that defendant could be convicted for both rape and attempted rape only if it found that he paused sufficiently between the two offenses to reflect on the criminality of his actions. *See State v. Fish,* 282 Or 53, 577 P2d 500 (1978). Although it is clear that the jury found that defendant entered the victim's apartment with the intent to rape her, that he did rape her and that, at some point, he attempted to rape her again, we cannot say whether it found that he attempted to rape her before or after her escape attempt.[3] If it found that he attempted to rape the victim *before* her attempt to escape, then there was no evidence of a "break" between the rape and attempted rape during which defendant had a chance to reflect. If, on the other hand, it found that the attempted rape occurred *after* the victim's escape attempt, as the trial court concluded, there would be evidence of a "break" between the two offenses.

■ The dissent suggests that we should accept the trial court's conclusion. However, we are not free to do so when, as here, the jury verdict is ambiguous. In *State v. Fish, supra,* defendant had been convicted of first degree burglary and of murder, and was sentenced to life for murder and 20 years for the burglary. He contended that his conviction was for felony murder; therefore, he could not be sentenced for both the burglary and murder. Because the jury had been instructed that it could find defendant guilty of murder if it found that he had killed the victim either intentionally or in the course of

---

[2] Because we conclude that the jury could have found that there was no significant pause between criminal acts, we do not decide whether the statutory standard and that set out in *Garcia* are equivalent or whether the statutory standard is also applicable to this case.

[3] It is clear, however, that the jury found that he committed the homicide in the course of the underlying burglary, if not also in the course of the attempted rape.

the burglary, and the verdict did not specify whether the conviction was for felony murder, the verdict was ambiguous. The court said:

"The possible consequences of the ambiguity were equally foreseeable by both the state and the defendant. The cause of the ambiguity was the prosecution's decision to proceed against defendant on intentional murder and felony murder and to request an instruction permitting the jury to convict of murder on either theory (or a combination of the two). The prosecution took no steps, such as the submission of a special verdict form, to insure that the verdict would not be ambiguous. We have, therefore, resolved the doubt in defendant's favor and assumed that he was convicted of felony murder. *See People v. Anderson,* 62 Mich App 475, 233 NW2d 620, 623-624 (1975)." 282 Or at 57.

Similarly, in *State v. Wedge,* 293 Or 598, 652 P2d 773 (1982), the question was whether the trial court could impose a minimum 5-year sentence for the use of a firearm, ORS 161.610(4) (since *amended by* Or Laws 1985, ch 552 § 1), even though the jury did not necessarily find that he had personally used or threatened to use a firearm in the course of a robbery for which he was convicted. Pursuant to the statute as it then existed, the trial court, on the basis of very compelling evidence, found beyond a reasonable doubt that the defendant had used a firearm, and imposed a minimum sentence. On appeal, the court held that the question whether the defendant had used a firearm was for the jury, not the court.

Here, the jury did not necessarily decide whether there was a sufficient break between the rape and the attempted rape to permit defendant to be convicted and sentenced for both offenses, and the trial court did not have authority to make that determination. Because we must resolve doubts in favor of defendant, *State v. Fish, supra,* we may not speculate on what the jury may have found. Accordingly, *State v. Garcia, supra,* requires the conclusion that defendant could not have been separately convicted and sentenced for rape and attempted rape had the homicide not occurred.

We turn now to the question of whether, on the facts of this case, separate convictions and sentences for aggravated murder and rape were permissible. Defendant was convicted

of aggravated murder under ORS 163.095(2)(d), which provides that felony murder is aggravated murder if the defendant personally and intentionally committed the homicide. Felony murder is defined in ORS 163.115:

"(1)    * * * [C]riminal homicide constitutes murder when:

"* * * * *

"(b)    It is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit any of the following crimes and in the course of and in furtherance of the crime the person is committing or attempting to commit, or during the immediate flight therefrom, the person, or another participant if there be any, causes the death of a person other than one of the participants:

"* * * * *

"(C)    Burglary in the first degree as defined in ORS 164.225;

"* * * * *

"(H)    Any felony sexual offense in the first degree defined in this chapter; * * *."

■■    In *State v. Atkinson, supra,* we held that a defendant convicted and sentenced for aggravated felony murder could not be separately convicted and sentenced for the underlying felony. It follows that a conviction and sentence for aggravated felony murder precludes separate convictions and sentences for any other crimes for which the defendant could not otherwise have been separately convicted. As we said in *Atkinson,* it is clear that the legislature took the aggravating circumstances underlying aggravated felony murder into account when it prescribed the penalty for that offense. There is no indication that it intended to enhance the penalty further by authorizing convictions and sentences for other crimes for which separate convictions and sentences would not otherwise be permitted. Because we have concluded that, on this record, *Garcia* requires that the rape and attempted rape be merged and because the burglary merged into the rape, defendant may be convicted and sentenced for aggravated murder only.

Defendant also contends that there was not sufficient evidence to convict him of aggravated murder. The evidence was sufficient.

Conviction and sentence for aggravated murder affirmed; conviction and sentence for rape in the first degree vacated.

**ROSSMAN, J.,** dissenting.

I believe that the majority's holding that defendant can receive only one sentence for aggravated murder and rape illustrates a misinterpretation of the legislature's intent regarding the penalty for aggravated felony murder, as well as an overly narrow interpretation of the facts. Accordingly, I dissent.

The majority apparently theorizes that defendant did not pause, reflect and start anew between the completed rape and the attempted rape and, because of this assumption, defendant could not receive separate sentences under *State v. Garcia,* 288 Or 413, 605 P2d 671 (1980). Further, the majority indicates that, because the jury did not enter a specific finding of the necessary "break" between the rape and attempted rape, the trial judge was without authority to impose separate sentences under *State v. Fish,* 282 Or 53, 577 P2d 500 (1978).

It is clear that the trial judge, in noting that the court had to base its decision on facts found by the jury, was well aware of the potential application of the *Fish* case. He determined that it was implicit in the jury's findings that the rape and attempted rape were sufficiently separated in time by the victim's escape attempt to justify separate sentences. The majority's conclusion is in direct contradiction to the trial judge's express determination. Additionally, it should be noted that defendant made no request for special findings by the jury and defendant does not assign as error the jury's failure to return a special verdict, as opposed to the general verdict form actually used.

I believe that the trial judge made the proper determination based on the verdict. He appropriately concluded that the initial rape occurred in the bedroom and was completed before the victim escaped to the doorway and screamed that defendant was trying to rape her. One act of rape was committed, for which one sentence could be imposed. Clearly, the victim thought another rape was about to begin, and the jury found that such an attempt did occur. The judge reasoned that the murder was committed in furtherance of the

attempted rape and therefore based the aggravated murder charge on the attempted rape. Under this analysis, defendant is subject to a separate sentence for aggravated murder.

Perhaps a substantial length of time may not have passed between the rape and attempted rape, but a factfinder could conclude from the evidence that there was a distinct break between the two crimes, sufficient for pause and reflection. Even though the events may have been only one criminal transaction, as alleged in the multiple-count indictment, one could find that defendant had more than one criminal objective: to commit two rapes. The victim was subjected to additional danger and fear during the commission of each crime.

The majority reasons that the legislature considered the aggravating circumstances underlying the felony murder when it established the penalty. Within reason, that is true. *See State v. Fish, supra.* However, I am satisfied that the legislature never intended to create a *carte blanche* for criminals to commit crimes such as rape with impunity. If our trial judges do not have the authority to impose an additional sentence in this kind of criminal conduct, there is no disincentive for the successive and immediate commission of one violent crime after another against the same victim. Certainly, the fact that there was a single victim does not provide a rationale for imposing only one sentence when multiple offenses have occurred.

I believe that this defendant was validly convicted of separate offenses and was appropriately sentenced. We should affirm the trial court.[1]

Joseph, C. J., and Warden and Van Hoomissen, JJ., join in this dissent.

---

[1]Many of the things that I said in my dissent in *State v. Atkinson,* 80 Or App 54, 722 P2d 9 (1986), are also applicable here.