Argued and submitted August 28, convictions affirmed and remanded for resentencing
December 10, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# RONNIE LEROY HURT,
*Appellant.*

## (CF 85-418; CA A38296)

729 P2d 596

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Keith L. Kutler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his convictions and sentences for three counts of rape in the first degree, one of sodomy in the first degree and one of attempted sodomy in the first degree. The trial court imposed three concurrent 20-year terms of imprisonment for the rape convictions, a consecutive 20-year term for the sodomy conviction, a consecutive ten-year term of imprisonment for the attempted sodomy conviction and a five-year mandatory minimum. We affirm all five convictions but remand for resentencing.[1]

Defendant contends that there was insufficient evidence presented at his trial to support the convictions. The issue was not raised below by motion for judgment of acquittal, and we will not consider it. *See State v. Hill,* 49 Or App 297, 299, 619 P2d 671 (1980); *State v. Lindsey,* 45 Or App 607, 609, 609 P2d 386 (1980).

Defendant next contends that, under *State v. Garcia,* 288 Or 413, 605 P2d 671 (1980), the trial court erred in entering more than one conviction and sentence for the rapes and more than one conviction and sentence for the sodomy and attempted sodomy, because all five criminal acts for which he was convicted were perpetrated against the same victim within a period of approximately 45 minutes.[2] In *Garcia,* the Oregon Supreme Court held that the defendant could be separately punished for several acts of sodomy only

---

[1] The crimes were committed on July 7, 1985. We express no opinion as to what the disposition would be under ORS 161.062(4) (effective September 20, 1985), which provides:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent. Each method of engaging in deviate sexual intercourse, as defined in ORS 163.305, and each method of engaging in sexual penetration with a foreign object, as defined in ORS 163.408 and 163.411, shall constitute separate violations of their respective statutory provisions for purposes of determining the number of statutory violations."

[2] The defendant was convicted of committing, and attempting to commit, two separate sodomies.

"if the defendant, after one act, starts anew after a time of reflection." 288 Or at 429.

The state does not dispute defendant's claim that all of the offenses were committed in the course of a single criminal episode and concedes that, under *Garcia,* the trial court erred in imposing consecutive sentences for the sodomy and attempted sodomy. *See State v. Fisher,* 80 Or App 45, 48, 721 P2d 854 (1986). It contends, however, that the imposition of concurrent sentences for the three counts of rape is equivalent to the imposition of a single sentence, because, under Oregon's system of determining the time that a convicted person will be incarcerated, the imposition of concurrent sentences does not affect the time served and that only the imposition of consecutive sentences results in the aggravation of the term.

In *Garcia,* the defendant was convicted of rape, kidnapping and three counts of sodomy for acts committed against a single victim over a period of approximately 40 minutes. The trial court sentenced him to five consecutive 20-year terms of imprisonment. The Oregon Supreme Court considered the 100-year combined sentence and concluded that separate sentences for the separate sodomies committed against the same victim in a single criminal episode was punishment disproportionate to the defendant's criminal responsibility. It concluded that, because Garcia's conduct could "clearly be said to involve a single criminal episode, * * * one conviction and sentence for sodomy was appropriate." However, the court did not vacate any of Garcia's three sodomy convictions; it merely remanded for resentencing.

■  The court endeavored to clarify its position in *State v. Linthwaite,* 295 Or 162, 177-78, 665 P2d 863 (1983).

> "* * * In *Garcia,* we held that while it was proper for the state to *charge* and *convict* Garcia for perpetration of three forms of sodomy in one criminal episode, only one *sentence* for the crime was proper. * * *" (Emphasis supplied.)

In view of that statement, we interpret *Garcia* to mean that separate judgments of conviction may be entered for each violation of the same statutory provision. Accordingly, we conclude that it was not improper for the trial court to enter

separate judgments of conviction for each offense that defendant committed.[3]

We now turn to the issue of the propriety of concurrent sentences in this case, it being the state's contention that such are equivalent to a single sentence. Initially, we note that the issue, as presented in this case, is distinguishable from that addressed in *State v. Johnson,* 64 Or App 658, 669 P2d 1151 (1983), *rev den* 296 Or 638 (1984), in which the defendant had been convicted of burglary and two counts of robbery and sentenced to three concurrent 20-year terms of imprisonment. The state conceded that, under *State v. Cloutier,* 286 Or 579, 596, 596 P2d 1278 (1979), he could not be sentenced for both burglary and robbery. It argued, as it does here that, because the sentences were concurrent, the defendant had no cause for complaint. Without considering whether time served was affected by concurrent sentences, we said:

> "That concurrent sentencing has consequences other than time served is especially apparent when we consider that in such cases the ultimate disposition is not only that the sentences are to be 'merged' but also that the judgments of convictions should be 'merged.' " *State v. Johnson, supra,* 64 Or App at 662.

We concluded that "[a] record with multiple judgments of convictions and concurrent sentences when only one sentence is proper amounts to a 'punishment disproportionate to the defendant's criminal responsibility for a single criminal episode.' " *State v. Johnson, supra,* 64 Or App at 662.

■   *Johnson* is inapposite, because there we held that, under *State v. Cloutier, supra,* the defendant could not be separately *convicted* for both burglary and robbery. Clearly, if separate convictions are improper, so too are separate sentences, consecutive *or* concurrent. Here, on the other hand, defendant was properly separately convicted for each offense

---

[3] In *James v. Cupp,* 65 Or App 377, 671 P2d 750 (1983), *rev den* 296 Or 350 (1984), we stated that *Garcia* "appears" to preclude separate convictions as well as separate sentences for more than one count each of rape and sodomy if the defendant does not pause after the completion of one act and start anew after a time for reflection. We held that the defendant's convictions on a second rape and sodomy count were inappropriate. *James v. Cupp, supra* is overruled to the extent that it is inconsistent with our holding today.

that he committed, and we discern no punitive effect arising solely from the imposition of concurrent sentences.[4]

On the other hand, there are practical advantages to be gained by imposing concurrent sentences on each conviction when multiple convictions are permissible but consecutive sentences would result in punishment disproportionate to the defendant's criminal responsibility. For example, by doing so, the trial court complies with ORS 137.010(5), which mandates the imposition of a sentence whenever a person is "convicted of an offense."

■ We hold that the trial court did not err in entering separate judgments of conviction for each offense which defendant committed and in imposing concurrent sentences on each of the three convictions for rape in the first degree. However, because it was error to impose consecutive sentences on both defendant's conviction for sodomy and his conviction for attempted sodomy, we remand for resentencing.

Convictions affirmed; remanded for resentencing.

---

[4] An initial parole release date is established by use of a matrix, which matches the appropriate "crime severity rating" with the prisoner's "history/risk score" and yields a "guideline range" of permissible terms of incarceration. The State Board of Parole establishes the actual release date within the permissible range after considering aggravating and mitigating factors. With respect to the effect of concurrent sentences, OAR 255-35-010 (effective May 31, 1985) provides, in pertinent part:

"(1) The Board shall assign a crime severity rating from one to seven * * * for each prisoner's commitment crime(s).

"(2) Two or more convictions with sentences to be served at the same time (concurrent sentences) shall be rated according to the most serious crime. The prisoner shall be given a prison term that results in the longest incarceration. * * *"

Accordingly, the imposition of concurrent sentences has no effect on the crime severity rating. Similarly, concurrent sentences are neither relevant to a history/risk score nor an aggravating circumstance to be considered by the Board of Parole. It follows that they do not effect the amount of time a prisoner will be incarcerated.