Filed 6/25/13  P. v. Gunn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C071862 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR83836) |
| v. | |
| DENNIS WAYNE GUNN, | |
| Defendant and Appellant. | |

Pursuant to a plea bargain, defendant Dennis Wayne Gunn pleaded guilty to one count of grand theft (Pen. Code, § 487, subd. (a); unless otherwise stated, statutory references that follow are to the Penal Code).  At sentencing, defendant was denied probation and sentenced to state prison for three years, that term to be served in state prison because the probation report showed he had a prior conviction for first degree burglary committed in Oregon in October 1977.

On appeal, defendant contends the evidence is insufficient to establish that his first degree burglary conviction in Oregon also constituted a first degree burglary in

1

California.  We agree with defendant and shall reverse the trial court's order that the three-year term be served in state prison.

On January 17, 2012, remote feeds from video cameras at an elementary school in Tehama County showed defendant stealing four security cameras.

DISCUSSION

A state prison sentenced imposed for a violation of section 487, subdivision (a) is to be served in county jail, unless the defendant is disqualified for any reason set forth in section 1170, subdivision (h)(3), which includes having a current  or prior serious or violent felony conviction in California or a prior out-of-state felony for an offense that would qualify as a serious or violent felony under California law.  (§§ 489, subd. (b), 1170, subds. (h)(2), (h)(3).)  " 'To qualify as a serious felony, a conviction from another jurisdiction must involve conduct that would qualify as a serious felony in California.' [Citations.]  To make this determination, the court may consider both the elements of the crime and the actual conduct as revealed by the record of conviction.  [Citation.]  A record of conviction includes an accusatory pleading and a defendant's plea of guilty. [Citation.]"  (*People v. Washington* (2012) 210 Cal.App.4th 1042, 1045.)

In California first degree burglary is a serious felony.  (§ 1192.7, subd. (c)(18) ["any burglary of the first degree"].)  "The elements of first degree burglary in California are:  (1) entry into a structure currently being used for dwelling purposes and (2) with the intent to commit a theft or a felony."  (*People v. Sample* (2011) 200 Cal.App.4th 1253, 1261.)

In 1977 when defendant committed the first degree burglary in Oregon, Oregon Revised Statutes (ORS) section 164.225 defined first degree burglary as follows:  "(1) A person commits the crime of burglary in the first degree if he violates ORS 164.215 [second degree burglary] and the building is a dwelling, or if in effecting entry or

2

while in a building or in immediate flight therefrom he: [¶] (a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or [¶] (b) Causes or attempts to cause physical injury to any person; or [¶] (c) Uses or threatens to use a dangerous weapon."

Former ORS section 164.215 defined second degree burglary as follows: "A person commits the crime of burglary in the second degree if he enters or remains unlawfully in a building with intent to commit a crime therein."

Pursuant to Oregon case law, "a person is guilty of burglary not only when he enters a building with the intent to commit a crime, but when he enters and then remains after having formed the intent to commit a crime. The crime committed therein is the object of the burglary even though it may not have been the intention of the defendant when he entered the dwelling." (*State v. Papineau* (1981) 53 Or.App. 33, 38 [630 P.2d 904, 907].)

At the sentencing hearing, defendant argued there were many ways one could violate Oregon's first degree burglary statute without committing a burglary under California law. The People responded: "We have obtained a copy of the indictment referencing Mr. Gunn, and the language in it is: Did unlawfully and knowing enter and remain in a building, to wit, a dwelling located at, gives the location, with the intent to commit the crime of theft therein. And that's the allegation of the indictment to which he pled guilty, and it's burglary in the first degree. So it would appear that certainly in 1977 the Code did in fact comport without ours."

Because there is no indication in the record that the indictment, transcript of defendant's plea, or the factual basis for the plea was ever entered into evidence before the court, there is no evidentiary support for the prosecutor's averments. Here, it is clear the Oregon first degree burglary statute could be violated in ways which would not violate California's first degree burglary statute. For example, the Oregon statute would be violated if the defendant formed the intent to commit theft after he entered the

3

dwelling. Without evidence showing the precise manner in which defendant violated the Oregon burglary statute, the evidence is insufficient to support a factual finding that his Oregon first degree burglary was also a first degree burglary in California.

DISPOSITION

The trial court's order that defendant serve his three-year term in state prison is reversed. The matter is remanded to the Tehama County Superior Court for a redetermination of whether defendant qualifies to serve his sentence in county jail. In all other respects, the judgment is affirmed.


                               HULL           , Acting P. J.


We concur:


      ROBIE       , J.


      MURRAY    , J.

4